## TURNER v. ELDRIDGE.

1. A bond in which the obligor promises " to pay James W. Camp for the benefit of Alfred Turner," may be declared on as a bond payable to James W. Camp.
2. The meaning of the promise is that it is, for the use of Alfred Turner.
3. The fact that the beneficiary is a minor, and the obligor, his father, cannot be pleaded in bar of the action.
4. It is not error for the court to permit the jury, after they have dispersed, again to retire, and make a re-calculation of the interest, if upon their return the plaintiff object to receiving their verdict, and the verdict previously rendered is not disturbed.

ERROR to the County Court of Talladega.

Debt by the defendant in error, as assignee of a bond, which reads thus:

"For value received, ten days after date I promise to pay Jas. W. Camp, for the benefit of Alfred Turner, five hundred dollars. Witness my hand and seal, this 3d day of November, 1840."

                                                    H. B. TURNER."

The declaration, in the description of the bond, omits to set out for whose use it was made, but declares upon it a bond payable to Camp.

The defendant pleaded a special *non est factum* from the omission to set out the beneficiary in the bonds in the description in the declaration; also, that the obligee in the bond received it as trustee for Alfred Turner, and that he had no interest in the bond other than as trustee; also, that Alfred Turner, for whose benefit

the bond was made, is an infant under the age of twenty-one years, and that the assignment of the bond to the plaintiff was made without the consent of the infant or his guardian; and also, that the defendant is the father and natural guardian of said Alfred Turner, at the time of the execution of the writing obligatory, was and still continued under his control.

These pleas were demurred to by the plaintiff, and the court sustained the demurrer.

Upon the trial, the defendant objected to the bond and indorsement being read to the jury, but the court permitted it to go in evidence to the jury. The defendant proved the infancy of the plaintiff, and that he lived with the defendant, and offered to prove his declarations as to his interest in the bond, which, on motion, the court excluded.

The defendant asked the court to charge the jury, that he, as guardian by nature, was entitled to the right of the infant in the said bond, and that the plaintiff could not recover; which the court refused: to all which the defendant excepted; and the jury having found a verdict for the plaintiff, judgment was thereupon rendered.

On the next day, the jury appeared in court and stated they had made a mistake in the calculation of interest, and were permitted by the court against the will of the defendant again to retire with the papers in the cause, and returned a verdict for an increased amount; when the plaintiff moved the court, that the latter finding by the jury be discharged, and that the judgment as first entered up, should stand; which was granted, and to which the defendant excepted.

The assignments of error are, the judgment of the court on the demurrers to the pleas, and the matters set forth in the bill of exceptions.

Rice, for plaintiff in error.
W. Chilton, *contra.*

ORMOND, J.—The counsel for the defendant in error insists, that the proper meaning of the promise to pay "for the *benefit* of Alfred Turner," is, that it was to be paid on his account. Such may have been the intention of the parties, but that is not the natural import of the language employed; and having that

only for our guide, we must understand it to be a promise for his *use*. But this does not alter the legal effect of the instrument; it is in law merely a promise to pay James W. Camp; and it was, therefore, not necessary to notice the beneficiary in the declaration. This disposes of the special *non est factum*, which is pleaded upon the supposition that the legal effect of the instrument, as described in the declaration, is different from that on which the suit is founded.

The fact that the beneficiary is a minor, and the obligor, his father, cannot be pleaded to defeat this action. If the money in fact belongs to the minor, the plaintiff will hold it in trust for him. Whether the father, as the natural guardian, may not be entitled to it, when collected, is a question which cannot be raised in this collateral manner, or pleaded in bar of this action, as he is estopped by his own deed from denying the right of the plaintiff to recover.

The irregular action of the court in permitting the jury to deliberate upon the case after they had given a verdict, and judgment had been rendered thereon, cannot be reviewed in this court, as there was no action upon the second verdict, and the judgment previously rendered was not disturbed. The plaintiff in error cannot complain of it, as he was not in any manner prejudiced by it.

We are unable to perceive any error in the judgment, and it is, therefore, affirmed.